**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CLARISA ALBARRAN ITURBE; ERIK ALEJANDRO DOMINGUEZ; ERIC ISAI DOMINGUEZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3028<br><br>Agency Nos.<br>A246-761-767<br>A246-761-768<br>A246-761-769<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025[**]
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

Clarisa Albarran Iturbe; her husband, Erik Alejandro Dominguez; and their son, Eric Isai Dominguez (collectively, "Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

1. Substantial evidence supports the agency's determination that Petitioners failed to establish a nexus between their alleged persecution and "one of the protected grounds enumerated in section 101(a)(42)(A) of the [Immigration Nationality Act], 8 U.S.C. § 1101(a)(42)(A)." Failure to establish a nexus is dispositive of Petitioners' claims for both asylum and withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). As the IJ noted, the record contains significant evidence to support the conclusion that the harms

Petitioners suffered were motivated "solely based on revenge or a personal vendetta . . . and the criminal organization's interest in receiving a payment of money." Threats and general mistreatment, when based on a personal vendetta or desire for financial gain, bear no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Having determined that substantial evidence supports the agency's nexus determination, we decline to consider Petitioners' arguments pertaining to whether the harms they suffered in Mexico rise to the level of past persecution. *Riera-Riera*, 841 F.3d at 1081; *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam). Moreover, we discern no error in the BIA's decision, based on its precedent, not to consider new particular social groups that were not presented before the IJ. Even if we did consider the additional particular social groups and assumed their cognizability, the outcome would remain the same given substantial evidence supports the conclusion that the harms Petitioners suffered were based "solely" on personal vendettas and a desire for money, i.e., necessarily not tied to a protected ground. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 (9th Cir. 2023) ("A persecutor that is exclusively motivated by something unrelated to a victim's protected characteristic is, tautologically, not motivated by the victim's protected

characteristic.").

Petitioners' argument that the BIA applied clear error not only to its review of the IJ's persecutory motive finding but also to the "ultimate nexus determination" is without merit. The BIA clearly announced that it reviewed only findings of fact for clear error and "all other issues" de novo. The singular sentence of the BIA's decision on which Petitioners rely merely demonstrates that the agency reviewed the IJ's finding of *fact* as to the motives of the alleged persecutors for clear error, not the separate legal determination as to nexus.

2. As to Petitioners' CAT claim, the record does not compel the conclusion that it is "more likely than not" that they will be tortured if removed to Mexico. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (citation omitted). Petitioners failed to demonstrate past torture, and the instances of threats and harm they point to involve unnamed individuals and rumors that people were looking for Alejandro Dominguez in his hometown. Moreover, the generalized country conditions evidence to which Petitioners cite is "insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Substantial evidence thus supports the conclusion that any fear of future harm was "merely speculative."

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. Petitioners' motion for a stay of removal (Dkt. 2) is otherwise denied.